## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### December 24, 1915.

## THE PEOPLE v. HARRY ARONSON and IDA ARONSON.

#### (173 App. Div. 734.)

(1.) PENAL LAW, SECTION 1293B—OBTAINING PROPERTY OR CREDIT BY FALSE STATEMENT *—NOTE DISCOUNTED IN RELIANCE ON FINANCIAL STATEMENT OF INDORSER.

Where a bank discounted two notes in reliance on a false statement knowingly signed by the indorser, that she was the owner of certain real estate, which several months before she had conveyed to a corporation, and that she had no liabilities other than said notes, both the maker and indorser were properly convicted under section 1293b of the Penal Law, of obtaining property or credit by use of a false statement.

(2.) SAME.

The maker of the notes was directly within said section, as in presenting the statement of the indorser to the bank, he was acting for her and in consequence received the money.

(3.) SAME—" BENEFIT " WITHIN THE MEANING OF STATUTE.

The indorser received " benefit " within the meaning of said section, when, in reliance upon her signature and upon her financial statement, the bank extended credit to her by advancing money to the maker of the notes.

APPEAL by the defendants, Harry Aronson and another, from a judgment of conviction of the Court of Special Sessions of the City of New York, Part II, entered on the 15th day of June, 1915.

*Jacob Manheim,* for the appellants.

*James C. Cropsey (Ralph E. Hemstreet* of counsel), for the respondent.

---

* See Note, Vol. 20, p. 290.

Judgment of conviction of the Court of Special Sessions affirmed on the opinion of Mr. Justice CRANE, denying the motion for a certificate of reasonable doubt.

JENKS, P. J., CARR, STAPLETON, MILLS and PUTNAM, JJ., concurred.

The following is the opinion of the trial court:

CRANE, J.:

The defendant Harry Aronson applied to the First Naitonal Bank of Brooklyn, N. Y., for discount of a note of $1,000 dated November 17, 1913, made by the Portia Cloak Manufacturing Company, Incorporated, and another note for $2,000 dated December 11, 1913, made by the Golden Fleece Knitting Mills. The said Harry Aronson was president of the Portia Cloak Manufacturing Company and did business under the trade name of Golden Fleece Knitting Mills. Both notes were indorsed by his wife, Ida Aronson. The bank refused to discount these notes until Ida Aronson, the indorser, made and filed with it a statement of her assets and liabilities. On November 21, 1913, she signed a statement that she owned No. 142 Monroe street, a three-story brick building in New York, valued at $42,000, mortgaged for $20,000, equity $22,000, and that she had no other liabilities except the two notes in question. This statement was false and must have been known to Ida Aronson to be false, as she swore in supplementary proceedings that she had conveyed the property to Monroe & Market Company, a corporation, in September of 1913. The statement furnished the bank, as above stated, contained the following: " I consider myself to be worth at least $20,000. The above statement is made for the purpose of obtaining credit from the First National Bank, Brooklyn, N. Y., and in consideration of the granting of such credit to me by said bank it is hereby agreed," etc. The bank refused to give the defendant Harry Aronson money

without this statement; it received the statement, and in reliance
thereon discounted the two notes. It is proved by positive testi-
mony that Ida Aronson knew this statement to be false. It
is proved by circumstantial evidence, viz., the control of the
property by Harry, that he, Harry Aronson, knew the statement
to be false. By means of the false and fraudulent statement
Harry Aronson obtained the bank's money. Section 1293b of
the Penal Law (as added by Laws of 1912, chap. 340) makes
it a misdemeanor to obtain property or credit by use of a false
statement. Both these defendants have been convicted of violat-
ing this section.

The defendant's counsel claimed *first,* that the section cannot
apply to Harry Aronson, as he made no false statement regard-
ing his own liability, but that of another; *second,* that it can-
not apply to Ida Aronson, as she received no money benefit.
Taken apart, this section reads: " Who shall knowingly cause
to be made any false statement in writing with intent that it
shall be relied upon respecting the financial condition of any
other person for whom he is acting, for the purpose of procur-
ing a loan or discount of a promissory note for the benefit of
himself, is guilty of a misdemeanor." The defendant Harry
Aronson is directly within this provision, as in presenting the
statement of Ida Aronson to the bank he was acting for her,
and in consequence received the money. As to Ida Aronson,
the section would read: " Any person who shall make any
false statement in writing with intent that it shall be relied
upon respecting the financial condition of herself for the pur-
pose of procuring the discount of a promissory note, for the
benefit of herself, is guilty of a misdemeanor." " Benefit,"
as used in this section, does not mean that the person must
necessarily receive the money, for it includes credit extended
to an indorser upon the strength of his statement. An indorser
receives benefit from the bank when, in reliance upon his sig-
nature and upon his financial statement, the bank extends credit

to him by advancing money to another. An indorsement virtually means the giving of the money by the bank to the indorser, who, in turn, pays it over to the maker. By a short cut and means of credit and bookkeeping the actual money is paid to the maker instead of indirectly through the indorser. Thus the indorser receives the benefit.

In my opinion both these defendants are very fortunate in not having been prosecuted for larceny in obtaining money by means of false pretenses.

Motion for certificate of reasonable doubt denied.